UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JEFFREY LEWKE,

    Defendant.

Case No. 15-cr-102-pp

---

**ORDER DENYING DEFENDANT'S LETTER REQUEST THAT THE COURT WRITE TO THE BUREAU OF PRISONS DESIGNATION OFFICE TO REQUEST THAT IT DESIGNATE THE DEFENDANT TO A FACILITY WITH A LOWER SECURITY LEVEL (DKT. NO. 54)**

---

  On April 27, 2017, the court sentenced defendant Jeffrey W. Lewke to serve a term of incarceration of six months. Dkt. Nos. 53, 51. The court allowed the defendant to self-report to the facility designated by the Bureau of Prisons by 5:00 p.m. on June 30, 2017. Dkt. No. 53 at 2.

  On June 12, 2017, the court received a letter from defendant Lewke's counsel. Dkt. No. 54. The letter indicated that the defendant had received his designation information, and that the Bureau of Prisons had designated the Metropolitan Correctional Center ("MCC") on Van Buren Street in Chicago as the facility where the defendant would serve his sentence. Counsel notes that the MCC is a holding facility for federal pre-trial detainees. He indicates that in his ten years of experience "handling federal criminal cases," it appears unusual to him that the Bureau of Prisons would place a post-conviction defendant in a pre-trial detention facility, especially given that the defendant

1

does not have a significant criminal history and that he was convicted of a non-violent offense. Counsel asked the court to write to the Bureau of Prisons' designation office, and ask the BOP to designate the defendant to a facility "with a lower security level, if at all possible." He indicates that while the prosecutor indicated that the government does not involve itself in inmate placement, the prosecutor agreed that the defendant's designation to the MCC was "unusual." Id.

The court construes counsel's letter as a motion asking the court to write to the BOP and ask it to change the defendant's designation. The court will deny this motion.

As the court indicated to the defendant at sentencing, while the court is happy to make recommendations to the BOP regarding placement, the BOP does not have to follow those recommendations. The BOP has the sole authority to determine inmate placement. The BOP's placement designations depend on a number of factors, including the seriousness of the defendant's offense of conviction, the defendant's prior criminal history, any health needs the defendant may have, any treatment needs the defendant may have, the availability of beds in a given facility, the need to separate cooperators from those against whom they cooperated, and many others. The BOP is in the best position to determine which of its many facilities are the most appropriate for a given defendant, given space restraints. This court never has recommended that the BOP place a defendant at a specific facility for just this reason. The court does make general recommendations, such as recommending that the

BOP place a defendant at a facility as close to a certain location as possible, or recommending placement at a federal medical facility, or recommending placement at a facility that provides the 500-hour Residential Drug Abuse Program ("RDAP"). But the court does not insert its judgment for that of the BOP in decisions regarding specific placement.

In this case, the court contacted the probation department and requested that it ask the BOP why the BOP had placed the defendant at the MCC. Probation learned several things. First, it learned that due to the nature of the defendant's prior arrests/convictions, the BOP classified him as a "low" security inmate, not a "minimum" security inmate. Due to that classification, the defendant would not eligible for placement at a minimum security "camp." Second, probation learned that the BOP had considered the court's recommendation—which the defendant had requested—that the BOP try to place the defendant at a facility as close as possible to Dodge County, Wisconsin. The MCC in Chicago is the closest low-security facility to Dodge County, Wisconsin. The next-closest low-security facilities are FCI Milan in Michigan, and FCI Sandstone in Minnesota. Third, while the BOP did not provide the probation officer with details, probation learned that the BOP had considered some other options for placement, but that part of its decision to place the defendant at the MCC was based on other facilities being at capacity.

The court provides this information so that counsel for the defendant may, if he wishes, contact the Bureau of Prisons on the defendant's behalf and discuss any concerns he has about the defendant's designation to the MCC. As

3

counsel may be aware, the appropriate department to contact is the BOP's Designation and Sentence Computation Center in Grand Prairie, Texas.

The court **DENIES** the defendant's letter request that it write to the Bureau of Prisons and ask it to designate the defendant to a facility with a lower security level. Dkt. No. 54.

Dated in Milwaukee, Wisconsin this 20th day of June, 2017.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**